IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMIE M. McCOY, | ) | CASE NO. 3:15-cv-02308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | KATHLEEN B. BURKE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

Plaintiff Amie M. McCoy ("McCoy" or "Plaintiff") filed this action for judicial review of the Commissioner's final decision denying her applications for social security disability benefits. Doc. 1. On November 4, 2016, the Court reversed and remanded the decision of the Commissioner for further proceedings consistent with the Court's Memorandum Opinion & Order of the same date. Doc. 22. On February 2, 2017, Plaintiff filed an Application for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking $7,268.66 in attorney fees and expenses.[1] Doc. 24. The Commissioner has opposed Plaintiff's Application for EAJA fees, arguing that the government's position was "substantially justified" and that Plaintiff is therefore not entitled to an award of EAJA fees. Doc. 26. The Commissioner also argues that Plaintiff's requested fee is not reasonable. Doc. 26.

For the following reasons, the Court DENIES Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) (Doc. 24).

---

[1] In Plaintiff's Reply Brief, Plaintiff seeks a supplemental award for attorney fees incurred in connection with preparation of Plaintiff's reply in support of her request for EAJA fees. Doc. 28, p. 4. Plaintiff, in her Reply Brief, also noted no objection to a reduction of 0.7 hours of appellate assistant hours. Doc. 28, p. 4, n.1. Thus, the total amount requested is $7,514.03. Doc. 28, pp. 4-5.

# I. Discussion

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, the EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart,* 376 F.3d 551, 553 (6th Cir. 2004) (discussing 28 U.S.C. § 2412(d)(1)(A)).

The Commissioner does not contest that Plaintiff was the prevailing party. *See Shalala v. Schaefer,* 509 U.S. 292, 300–302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (party obtaining a sentence-four judgment reversing a denial of benefits has prevailing party status under the EAJA). In addition, the Commissioner does not argue that there are any special circumstances that warrant the denial of attorney fees. The issues in dispute are whether the Commissioner's position was substantially justified and whether the fees requested by Plaintiff are reasonable.

Under the EAJA, "a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Howard,* 376 F.3d at 554 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)); *see also DeLong v. Comm'r of Soc. Sec. Adm.*, 748 F.3d 723, 726 (6th Cir. 2014). While the burden of establishing substantial justification is on the Commissioner, there is no presumption that the Commissioner's position was not substantially justified simply because it lost the case. *Scarborough v. Principi,* 541 U.S. 401, 414–415, 124

S.Ct. 1856, 158 L.Ed.2d 674 (2004). Thus, the fact that the "Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard*, 376 F.3d at 554; *see also DeLong*, 748 F.3d at 726 ("[R]emand alone is not a proper basis for the allowance of fees and expenses under the EAJA.") (quoting *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)(per curiam)).

The Commissioner argues that "the government's position in this case had a reasonable basis in law and fact despite the articulation errors in the ALJ's decision." Doc. 26, p. 5. The Commissioner also points out that, although the Court remanded the case for an articulation error at Step Five, the Court also rejected McCoy's two alternate grounds for remand, i.e., evaluation of state agency physicians' opinions and assessment of GAF scores. Doc. 26, pp. 5-6. Based on the foregoing, the Commissioner asserts that the government's position was substantially justified and an award of EAJA fees is not warranted. Doc. 26, p. 6.

McCoy counters that the ALJ's error in this case was more than a mere articulation error and the Commissioner's position that EAJA fees are not warranted because the Court found in the Commissioner's favor on two other issues is not compelling and disfavored by case law. Doc. 28, pp. 1-2. Accordingly, McCoy asserts that the Court should find that the Commissioner's position was not substantially justified.

The question whether the Commissioner was substantially justified is more appropriately focused on the specific error leading to the remand, not on McCoy's alternative arguments that the Court concluded were not a basis for reversal or remand. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (finding error where the district court did not determine whether the government's position was substantially justified but instead concluded that the government's position was substantially justified because the claimant raised other errors that the

court rejected); *see also Harris v. Comm'r of Soc. Sec.,* 2010 WL 3075486, at *2 (N.D. Ohio Aug. 5, 2010) ([A]gree[ing] with Plaintiff that the inquiry should be focused on the specific error necessitating the remand, not on Plaintiff's alternative arguments . . . that [the] Court rejected.").

In considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts have distinguished between remands involving "mere articulation errors" and remands where the district court determines that the evidence does not support the ALJ's decision even when properly considered. *See e.g., Olive v. Comm'r of Soc. Sec.,* 534 F.Supp.2d 756, 759-761 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.,* 198 F.3d 244, 1999 WL 1045072 (6th Cir. 1999 ) (unpublished table decision)); *see also Harris v. Comm'r of Soc. Sec.,* 2010 WL 3075486, at *2 (N.D. Ohio Aug. 5, 2010 ) (no attorney fees where articulation error was surrounded by an otherwise "thorough and record-based analysis") *compare with Winning v. Comm'r of Soc. Sec.,* 2010 WL 3222031, at *4 (N.D. Ohio Aug. 13, 2010 ) (awarding fees where "the ALJ failed to provide substantive reasons for her decision to ignore the treating psychologist's opinion and because the record [did] not support the ALJ's credibility determination."). While distinctions have been drawn between remands for "mere articulation errors" and remands where the district court determines that the evidence does not support the ALJ's decision, the relevant inquiry remains whether the Commissioner's position had a reasonable basis in law and fact. *See DeLong*, 748 F.3d at 726; *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014).

In this case, the Court did not reverse for an award of benefits nor suggest that on remand the Commissioner was required to conclude that McCoy was disabled. Doc. 22, pp. 30-31. Rather, the Court found that:

> Based on the unclear VE testimony and uncertainty as to whether the VE identified jobs in response to a VE hypothetical that accurately reflected the RFC limitations

4

> or whether the VE was responding to a modified or alternate hypothetical, the Court cannot determine whether the ALJ's Step Five determination is supported by substantial evidence. Accordingly, remand is necessary for clarification as to the RFC limitation regarding production quotas and/or for additional VE testimony responsive to a VE hypothetical that clearly and accurately portrays the limitations as contained in the RFC.

Doc. 22, p. 30.

VE testimony may serve as substantial evidence in support of a Step Five determination where the question put to the VE accurately portrays a claimant's impairments. *See Parks v. Social Sec. Admin.*, 413 Fed. Appx. 856, 865 (6th Cir. 2011) (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). Here, because of a lack of clarity with respect to the VE's testimony regarding production quotas, the Court concluded that further clarification by the ALJ regarding the production quota limitation and/or additional VE testimony was necessary in order for the Court to assess whether the ALJ's Step Five determination was supported by substantial evidence. Now presented with the separate question of whether the Commissioner's position in defending the ALJ's decision was substantially justified, the Court finds that, notwithstanding the lack of clarity with respect to the production quotas, the Commissioner had a reasonable basis to defend the ALJ's reliance on the VE's testimony and the denial of benefits in this case.

## II. Conclusion

The Court concludes that the Commissioner's position was substantially justified. Therefore, the Court DENIES Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) (Doc. 24).

Dated: August 16, 2017

Kathleen B. Burke
United States Magistrate Judge